UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

REGINALD TURNER,

       Petitioner,

                              CASE NO. 05-CV-73072-DT
v.                              HONORABLE PAUL D. BORMAN

KENNETH ROMANOWSKI

       Respondent.
_____/

## OPINION AND ORDER (1) DENYING PETITION FOR WRIT OF HABEAS CORPUS AND (2) DENYING A CERTIFICATE OF APPEALABILITY AND LEAVE TO PROCEED ON APPEAL IN FORMA PAUPERIS

**I.    Introduction**

Reginald Turner ("Petitioner"), a state prisoner presently confined at the Macomb Correctional Facility in New Haven, Michigan, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner was convicted of two counts of first-degree criminal sexual conduct ("CSC") and one count of second-degree CSC following a jury trial in the Wayne County Circuit Court in 2003. He was sentenced as a habitual offender to concurrent terms of 18 years nine months to 36 years imprisonment and 10 to 15 years imprisonment on those convictions. In his pleadings, Petitioner raises claims of concerning the effectiveness of counsel, his rights to present a defense and confront witnesses, and amendments to the information. For the reasons stated, the Court denies the petition for writ of habeas corpus. The Court also denies a certificate of appealability and leave to proceed on appeal *in forma pauperis*.

## II.   Facts and Procedural History

Petitioner's convictions arise from his sexual assaults upon his daughter, Regine Turner, when she was between four and six years old in Detroit, Michigan during the years 2000-2002. The felony information charged Petitioner with one count of first-degree CSC committed in 2000, one count of first-degree CSC without a specified date, and one count of second-degree CSC committed in 2001. The caption of the information originally listed the offense date as July 4, 2002, but that date was later stricken. Petitioner was also charged with being a third habitual offender.

Just before trial, Petitioner moved for a bill of particulars requesting that the prosecution specify the dates of the alleged offenses. Petitioner claimed that the failure to provide more specific dates would impede his ability to present an alibi defense. The trial court denied the motion based upon the child's inability to provide specific dates, but noted that the parties could stipulate to dates when Petitioner did not have access to the child (due to his incarceration in prison and a halfway house) and let the jury access the evidence.

At trial, Regine Turner testified that she was seven years old and that Petitioner was her father. She recounted three incidents of sexual assault by Petitioner. The first incident involved Petitioner performing oral sex on her in her bedroom after she had taken a bath with her sister. Regine Turner believed that she was five years old when this occurred, but could not provide a more specific date. The second incident involved her performing oral sex upon Petitioner resulting in his ejaculation when Petitioner had taken her and other children to a park in her grandmother's van and the other kids had gone out to play. The third incident occurred when Petitioner fondled her genital area while they were driving in the car with her mother. Regine Turner said that she was six years old when these incidents occurred, but could not provide more

specific dates. Regine Turner said that she first told the daughter of her mom's friend about Petitioner's conduct and then told her mother. She was subsequently examined by a doctor and spoke to the police and the prosecution.

Jessica Quintana testified that Regine Turner was her daughter, and that Regine was born on December 2, 1995 and was seven years old. She further stated that she and Petitioner had been in a long-term relationship and had two children together. She said that they got along well and did not argue about visitation. She testified that her daughter had not been exposed to pornography or witnessed other sexual activity and that she had not discussed sex or ejaculation with her daughter. Jessica Quintana learned of Petitioner's conduct when her daughter told Sharonda, her boyfriend's daughter, about it. Jessica Quintana then spoke to Regine and contacted the authorities.

Following this testimony, the prosecution moved to amend the dates on the information for Count One to June, 1999 through December, 2001 and for Count Two to June 14, 1999 to April 10, 2000 and June 19, 2002 to July 16, 2002. The trial court denied the motion.

The parties stipulated that Petitioner did not have contact with Regine Turner from December 15, 1998 through June 14, 1999, April 10, 2000 through July 14, 2000, and November 7, 2000 through June 3, 2002.

Petitioner did not testify at trial nor present any witnesses in his defense.

The trial court instructed the jury on the elements of the offense, reasonable doubt, and other matters at the end of trial. As to the offense dates, the trial court instructed the jury that the evidence must show beyond a reasonable doubt that Petitioner committed Count One in the year 2000, committed Count Two on or about when Regine Turner was six years old, and committed Count Three on or about the year 2001.

At the close of trial, the jury convicted Petitioner of two counts of first-degree CSC and one count of second-degree CSC. The trial court subsequently sentenced him as a habitual offender to concurrent terms of 18 years nine months to 36 years imprisonment on the first-degree CSC convictions and to a concurrent term of 10 to 15 years imprisonment on the second-degree CSC conviction.

Following sentencing, Petitioner filed an appeal as of right with the Michigan Court of Appeals asserting the same claims contained in the current petition. The Michigan Court of Appeals affirmed Petitioner's convictions and sentence. *People v. Turner*, No. 247599, 2004 WL 2601766 (Mich. Ct. App. Nov. 16, 2004) (unpublished). Petitioner also filed an application for leave to appeal with the Michigan Supreme Court, which was denied. *People v. Turner*, 472 Mich. 918, 696 N.W.2d 722 (2005).

Petitioner thereafter filed the present habeas petition asserting the following claims:

I. His convictions should be reversed because he was denied effective assistance of counsel.

II. The trial court violated his state and federal constitutional rights to due process of law, to confrontation, to present a defense, and to a fair trial when it denied the defense motion for the people to provide specific dates of the alleged offenses.

III. The prosecutor abused her discretion by charging him with an open-ended information, amending the information, then attempting to re-amend the information where the evidence prior to trial disclosed that he was incarcerated which made it impossible for him to have committed the alleged crimes.

Respondent has filed an answer to the petition contending that it should be denied.

**III.   Standard of Review**

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq.*, govern this case because Petitioner filed his habeas petition after the AEDPA's effective date. *See Lindh v. Murphy*, 521 U.S. 320, 336

4

(1997).  The AEDPA provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d) (1996).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'"  *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)); *see also Bell v. Cone*, 535 U.S. 685, 694 (2002).  "[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case."  *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *see also Bell*, 535 U.S. at 694.  "In order for a federal court find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous.  The state court's application must have been 'objectively unreasonable.'"  *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also Williams*, 529 U.S. at 409.

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether

5

the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *See Williams*, 529 U.S. at 412; *see also Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003). Section 2254(d) "does not require citation of [Supreme Court] cases–indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002); *see also Mitchell*, 540 U.S. at 16. While the requirements of "clearly established law" are to be determined solely by the Supreme Court's holdings, the decisions of lower federal courts are useful in assessing the reasonableness of the state court's resolution of an issue. *See Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003); *Dickens v. Jones*, 203 F. Supp. 354, 359 (E.D. Mich. 2002) (Tarnow, J.).

Lastly, this Court must presume that state court factual determinations are correct. *See* 28 U.S.C. § 2254(e)(1). A habeas petitioner may rebut this presumption only with clear and convincing evidence. *See Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998).

**IV.   Analysis**

    A.   <u>Ineffective Assistance of Counsel Claim</u>

Petitioner first asserts that he is entitled to habeas relief because trial counsel was ineffective for failing to secure records from protective services which concerned the victim, Regine Turner, and her mother, Jessica Quintana. In *Strickland v. Washington*, 466 U.S. 668 (1984), the United States Supreme Court set forth a two-pronged test for determining whether a habeas petitioner has received the ineffective assistance of counsel. First, a petitioner must prove that counsel's performance was deficient. This requires a showing that counsel made errors so serious that he or she was not functioning as counsel as guaranteed by the Sixth

6

Amendment. 466 U.S. at 687. Second, the petitioner must establish that the deficient performance prejudiced the defense. Counsel's errors must have been so serious that they deprived the petitioner of a fair trial or appeal. *Id.*

With respect to the performance prong, a petitioner must identify acts that were "outside the wide range of professionally competent assistance" in order to prove deficient performance. *Id.* at 690. The reviewing court's scrutiny of counsel's performance is highly deferential. *Id.* at 689. The court must recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *Id.* at 690.

To satisfy the prejudice prong of *Strickland*, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A reasonable probability is one that is sufficient to undermine confidence in the outcome. *Id.* "On balance, the benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the [proceeding] cannot be relied on as having produced a just result." *McQueen v. Scroggy*, 99 F.3d 1302, 1311-12 (6th Cir. 1996) (quoting *Strickland*, 466 U.S. at 686).

The Michigan Court of Appeals denied relief on this claim, finding that Petitioner had not produced the protective services records in order to show how those records would have benefitted his defense. The court thus concluded that Petitioner had failed to establish that counsel was deficient for not obtaining those records and had failed to establish that he was prejudiced by counsel's conduct. *See Turner*, 2004 WL 2601766 at *1.

The state court's decision is neither contrary to Supreme Court precedent nor an

unreasonable application of the law or the facts. Petitioner has not presented the protective services records upon which he bases this claim, nor has he presented any testimony to show that those records would have been beneficial to his defense. Conclusory allegations, without evidentiary support, do not provide a basis for habeas relief. *See, e.g., Workman v. Bell*, 160 F.3d 276, 287 (6th Cir. 1998) (conclusory allegations of ineffective assistance of counsel do not justify federal habeas relief); *Zettlemoyer v. Fulcomer*, 923 F.2d 284, 301 (3rd Cir. 1991) (bald assertions and conclusory allegations do not provide sufficient basis to hold an evidentiary hearing in habeas proceedings). Because Petitioner's claim of ineffective assistance of counsel is purely speculative, habeas relief is not warranted on this claim.

      B.     <u>Due Process, Right to Present a Defense, and Confrontation Claim</u>

Petitioner next asserts that he is entitled to habeas relief because the trial court violated his constitutional rights by denying his motion requesting that the prosecution provide more specific dates for the alleged offenses.

A state criminal defendant has a due process right to be informed of the nature of the accusations against him. *See Lucas v. O'Dea*, 179 F.3d 412, 417 (6th Cir. 1999). Notice and opportunity to defend against criminal charges as guaranteed by the Sixth Amendment to the United States Constitution are an integral part of the due process protected by the Fourteenth Amendment and therefore apply to state prosecutions. *See Cole v. Arkansas,* 333 U.S. 196, 201 (1948); *In Re Oliver,* 333 U.S. 257, 273 (1948). "The due process clause of the Fourteenth Amendment mandates that whatever charging method the state employs must give the criminal defendant fair notice of the charges against him to permit adequate preparation of his defense." *Olsen v. McFaul,* 843 F.2d 918, 930 (6th Cir. 1988). The time of an offense is not an essential element that needs to be proven by the prosecution, but the time of the crime may implicate due

process concerns, such as whether a late amendment to an information deprives a defendant of adequate notice of the charge or denies him an opportunity to present a defense. *See Scott v. Roberts*, 777 F. Supp. 897, 900 (D. Kan. 1991). A complaint or indictment need not be perfect under state law so long as it informs the defendant of the crime in sufficient detail so as to enable him to prepare a defense. Therefore, an indictment "which fairly but imperfectly informs the accused of the offense for which he is to be tried does not give rise to a constitutional issue cognizable in habeas proceedings." *Mira v. Marshall*, 806 F.2d 636, 639 (6th Cir. 1986); *see also United States v. Nunez*, 668 F.2d 10, 12 (1st Cir. 1981); *Dell v. Straub,* 194 F. Supp. 2d 629, 653-54 (E.D. Mich. 2002).

      Petitioner alleges that the prosecution's failure to put forth a more specific time frame for the offenses deprived him of due process and the right to present a defense. The Michigan Court of Appeals denied relief on this claim finding that the trial court did not abuse its discretion in denying Petitioner's motion because Michigan law only requires that the information state the time of the offense as near as circumstances permit and does not require an exact date in the information. The court noted that the prosecutor's inability to provide more specific dates resulted from the fact that the crime involved a young child and that time was not of the essence nor a material element of a criminal sexual conduct case when the victim is a child. The court also determined that the lack of a specific date did not preclude an alibi defense because offering an alibi for an extended period of time would have been a futile gesture. *See Turner*, 2004 WL 2601766 at *2.

      The Michigan Court of Appeals' decision is neither contrary to federal law nor an unreasonable application of the law or the facts. First, to the extent Petitioner challenges the validity of the information under Michigan law, he is not entitled to habeas relief. Alleged trial

court errors in the application of state law are generally not cognizable as grounds for federal habeas relief. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Second, several courts have rejected similar claims that a state court information was fatally defective because it failed to allege a precise date or dates that a sexual assault against a child victim occurred. In *Fawcett v. Bablitch*, 962 F.2d 617, 618-19 (7th Cir. 1992), the United States Court of Appeals for the Seventh Circuit held that a criminal information which alleged that the habeas petitioner's sexual contact with the minor victim occurred over a six month period gave the petitioner sufficient notice to defend the charges against him. The Seventh Circuit acknowledged the difficulty of providing an alibi for a lengthy period of time, but reasoned that the allegations contained in the information were sufficient for the petitioner to challenge the child victim's veracity and memory, and the petitioner could also deny committing the offenses. *Id*.

In *Brodit v. Cambra,* 350 F.3d 985, 988-89 (9th Cir. 2003), the United States Court of Appeals for the Ninth Circuit held that a California law which allowed a prosecutor to charge a a habeas petitioner with three or more acts of child sexual abuse on unspecified dates between June 12, 1992 and December 31, 1994 did not deprive him of notice and a fair opportunity to respond to the state's charges in violation of due process. The Ninth Circuit cited to *People v. Jones*, 51 Cal. 3d 294, 270 Cal. Rptr. 611, 792 P.2d 643 (Cal. 1990), in which the California Supreme Court observed that a defendant could prepare an adequate defense even though child sexual abuse allegations spanning a lengthy period of time could preclude an alibi defense. The California Supreme Court "reasoned that credibility is typically the major issue in child abuse cases, with most defendants denying not just specific incidents on specific dates, but denying that any abuse ever occurred at all." *Brodit,* 350 F.3d at 988 (citing *Jones,* 51 Cal. 3d at 319). The Ninth Circuit further noted that defendants "can take advantage of a variety of effective

10

defenses even in the absence of specific dates; for example, they can testify and deny the allegations, advance positive character evidence, develop evidence of a child's motive to lie, and show alibis for some incidents that, if credible, could cast doubt on the child's entire account." *Id.* at 988-89 (citing *Jones*, 51 Cal. 3d at 320).

In this case, Petitioner was not deprived of due process as a result of the time frames set forth the information. The fact that the lengthy time period may have affected Petitioner's alibi defense did not deprive him of due process. A defendant cannot show that an imprecise indictment or information amounts to the deprivation of the constitutional right to adequate notice of the charges against him by merely establishing that the presentation of his defense was made more burdensome or difficult. *See State v. Mancinone,* 15 Con. App. 251, 258, 545 A.2d 1131 (Con. App. 1988) (charges that the defendant violated a statute by engaging in sexual activity with juveniles and by providing them with alcohol and illegal drugs at two locations between August 1982 and November 1984 were constitutionally sufficient, despite the defense claim that the charges were too vague to allow defendant to establish the defenses of alibi and impossibility or to show that victims' conduct conflicted with their testimony). Moreover, Petitioner was able to present his alibi defense through the parties' stipulation setting forth the dates on which he had no contact with his daughter. Petitioner was also able to challenge the witnesses' credibility as to the dates and the events at issue through cross-examination. Additionally, Petitioner had the opportunity to deny the charges and present other favorable evidence, such as character testimony, as available. Petitioner was not denied due process nor the right to present a defense.

Lastly, the Court notes that any claim arising from a variance between the state criminal information and the evidence at trial is not reviewable by way of federal habeas corpus. *See*

*Dell,* 194 F. Supp. 2d at 654.  Even in federal cases, a variance between the date of the crime set forth in the indictment or information and the proof at trial is not fatal as long as the acts alleged were committed within the statute of limitations and before the date of the indictment.  *See United States v. Harris,* 344 F.3d 803, 805 (8th Cir. 2003).  The information in this case satisfied those requirements.  Petitioner is therefore not entitled to relief on this claim.

Petitioner further contends that he is entitled to habeas relief because his confrontation rights were violated by the prosecution's failure to produce Sharonda, the daughter of Jessica Quintana's boyfriend, at trial.  The Confrontation Clause of the Sixth Amendment guarantees a criminal defendant the right to confront the witnesses against him.  "The main and essential purpose of confrontation is to secure for the opponent the opportunity of cross-examination."  *Davis v. Alaska*, 415 U.S. 308, 315 (1973).  The prosecution in a criminal trial must make a good faith effort to produce relevant witnesses.  *See, e.g., Barber v. Page*, 390 U.S. 719, 724-25 (1968).  The standard for evaluating whether the prosecution has made a good faith effort to produce a witness is one of reasonableness.  *See Ohio v. Roberts*, 448 U.S. 56, 74 (1990).  The failure to produce a relevant witness only serves as a basis for habeas corpus relief if, under federal constitutional law, the petitioner is denied a fundamentally fair trial.  *See Moreno v. Withrow*, 61 F.3d 904, 1995 WL 428407, *1-2 (6th Cir. 1995) (failure to call *res gestae* witness did not render trial fundamentally unfair and did not constitute prosecutorial misconduct).

Petitioner presented this issue in his supplemental brief on direct appeal of his convictions, but the Michigan Court of Appeals did not address it.  Accordingly, this Court must conduct an independent review of the state court's decision.  *See Harris v. Stovall*, 212 F.3d 940, 943 (6th Cir. 2000).  This independent review requires the federal court to "review the record and applicable law to determine whether the state court decision is contrary to federal

12

law, unreasonably applies clearly established law, or is based on an unreasonable determination of the facts in light of the evidence presented." *Id*. This independent review "is not a full, *de novo* review of the claims, but remains deferential because the court cannot grant relief unless the state court's result is not in keeping with the strictures of the AEDPA." *Id*.

The failure to produce Sharonda did not deny Petitioner a fundamentally fair trial. First, both Regine Turner and Jessica Quintana testified at trial and were subject to cross-examination concerning the events at issue. Regine Turner was subject to questioning about statements she made to Sharonda and to her mother. Jessica Quintana was also subject to questioning regarding when Regine first reported Petitioner's conduct. Sharonda's testimony as to such matters would likely have been cumulative. Second, Sharonda was not under the exclusive control of the prosecution. *See Coe v. Bell*, 61 F.3d 320, 344 (6th Cir. 1998) (no *Brady* violation when a defendant knew or should have known the essential facts permitting him to take advantage of any exculpatory information). If Petitioner had believed that Sharonda's testimony was essential or would have assisted in his defense, he could have subpoenaed her and required her appearance at trial. He failed to do so. Third, Petitioner's assertion that Sharonda would have provided beneficial testimony is speculative as he has failed to present any evidence regarding her proposed testimony. As noted *supra*, conclusory allegations are insufficient to warrant habeas relief. *See Workman*, 160 F.3d at 287. Fourth, the witnesses' testimony was only that Regine Turner first told Sharonda of Petitioner's conduct – such evidence was introduced to show how the sexual assault allegations came to light and was not used to establish the truth of the matters asserted. As such, those statements were not hearsay and did not violate Petitioner's confrontation rights. Petitioner cites to *Crawford v. Washington*, 541 U.S. 36 (2004), which precludes the admission of out-of-court statements by a

13

witness which are testimonial in nature. Clearly, however, Sharonda's statements to Regine Turner and Jessica Quintana were non-testimonial. Thus, *Crawford* is inapplicable. Petitioner has failed to establish a violation of his confrontation rights.

Lastly, even assuming that a confrontation error occurred, such error was harmless. For purposes of federal habeas review, a constitutional error that implicates trial procedures is considered harmless if it did not have a "substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993); *see also O'Neal v. McAninch*, 513 U.S. 432, 445 (1995) (habeas court should grant petition if it has "grave doubt" about whether trial error had substantial and injurious effect or influence upon jury's verdict). Harmless error analysis applies to confrontation-type errors. *See Delaware v. VanArsdall*, 475 U.S. 673, 684 (1986). In reviewing whether such an error is harmless, a reviewing court should consider "the importance of the witness's testimony in the prosecution's case, whether the testimony was cumulative, the presence or absence of evidence corroborating or contradicting the testimony of the witness on material points, ... and, of course, the overall strength of the prosecution's case." *Hill v. Hofbauer*, 337 F.3d 706, 718 (6th Cir. 2003) (quoting *VanArsdall*, 475 U.S. at 684). As noted, Sharonda's testimony was not essential to the prosecution's case and was likely cumulative to the testimony of Regine Turner and Jessica Quintana. Further, the prosecution presented significant evidence of Petitioner's guilt of the CSC charges, particularly the victim's testimony. The failure to produce Sharonda did not have a substantial or injurious effect or influence upon the jury's verdict, nor did it render Petitioner's trial fundamentally unfair. Habeas relief is not warranted on this claim.

    C.    <u>Amendment to the Information Claim</u>

Lastly, Petitioner asserts that he is entitled to habeas relief because the prosecutor abused her discretion in amending and seeking to re-amend the information against him. It is well-settled that prosecutors must "refrain from improper methods calculated to produce a wrongful conviction." *Berger v. United States*, 295 U.S. 78, 88 (1935). However, a prosecutor has significant discretion in determining what charge to file against an accused provided that probable cause exists to believe that an offense was committed by the accused under the charging statute. *See Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978); *United States v. Davis*, 15 F.3d 526, 529 (6th Cir. 1994). The prosecution in this case had probable cause to believe that Petitioner was guilty of the charged offenses based upon Regine Taylor's statements to police.

Moreover, it is well-settled that amendments to a state criminal information are permissible so long as the amendment does not alter the degree of the crime charged or unfairly surprise the defendant. *See, e.g., Wright v. Lockhart*, 854 F.2d 309, 312 (8th Cir. 1988). In *Sharrar v. Foltz,* 658 F. Supp. 862, 866-67 (E.D. Mich. 1987), another judge in this district held that the change of the date on which an alleged sexual assault occurred immediately before trial did not sufficiently prejudice the habeas petitioner to constitute a due process violation warranting habeas relief where the petitioner failed to state how he would have conducted his defense differently and failed to identify further alibi witnesses or the substance of their testimony.

The Michigan Court of Appeals denied relief on this claim finding that the temporal variance in the information was not fatal because time is not of the essence in a CSC case when the victim is a child and the prosecutor had broad discretion in bringing charges supported by

15

the evidence.  *See Turner*, 2004 WL 2601766 at *3.  This Court finds that the state court's decision is neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts.  The information was as specific as the circumstances permitted in this case.  Additionally, the amendment to the information before trial did not alter the degree of the crime charged nor unfairly surprise Petitioner, particularly since the preliminary examination revealed that Regine Taylor was unable to provide specific offense dates.  Petitioner was also not prejudiced by the prosecution's attempt to further amend the information during the course of trial given that the trial court denied the prosecution's request.  Petitioner had adequate notice of the charges against him and an adequate opportunity to present a defense to those charges.  Habeas relief is not warranted on this claim.

**V.    Conclusion**

For the reasons stated, the Court concludes that Petitioner is not entitled to federal habeas relief on the claims presented in his petition.

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue.  *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b).  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

When a federal district court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong.  *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).  "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  In applying this standard, a

16

district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. *Id*. at 336-37.

When a federal district court denies a habeas claim on procedural grounds without addressing the claim's merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack*, 529 U.S. at 484-85.

For the reasons stated *supra*, this Court concludes that Petitioner has failed to make a substantial showing of the denial of a constitutional right as to his habeas claims. No certificate of appealability is warranted in this case nor should Petitioner be granted leave to proceed on appeal *in forma pauperis*. *See* Fed. R. App. P. 24(a).

Accordingly;

**IT IS ORDERED** that the petition for writ of habeas corpus is **DENIED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** and leave to proceed on appeal *in forma pauperis* is **DENIED**.


s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE


Dated: February 13, 2007

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on February 13, 2007.


                                                s/Denise Goodine

                                                Case Manager